**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| EUNICE COOK WEBB, M.D. | CIVIL ACTION NO. 09-615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RODNEY ARBUCKLE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Motion for Partial Summary Judgment (Record Document 23) filed by Defendant Lisa Garcia, an agent with the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole.  Agent Garcia seeks dismissal of all claims against her on the grounds of qualified immunity.  See id.  Dr. Webb opposed the motion. See Record Document 33.  For the reasons which follow, the Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

The background of this case was set forth in a previous Memorandum Ruling addressing a Motion for Summary Judgment filed by Defendants Sheriff Arbuckle, Corporal Pharris, and Sergeant White.  See Record Document 38.  The background section of that Memorandum Ruling is hereby incorporated by reference.  The Court will now set forth additional facts specific to Agent Garcia's involvement in the April 25, 2008  "sign detail" operation; the traffic stop of Dr. Webb; and the search of Dr. Webb's vehicle.

Agent Garcia's assistance in working with the Tri- Parish Task Force on April 25, 2008 was requested by a member of the DeSoto Parish Sheriff's Office.  Agent Garcia was told that her participation would involve assisting the task force and other law enforcement officials by conducting a search to verify whether any occupants in vehicles which were

stopped were either on supervised probation or supervised parole.  <u>See</u> Record Document 23-2 at 2.  She was also asked to assist, if needed, in searching the person or property of female occupants, if a search was deemed necessary.  <u>See id.</u>

As noted in the previous Memorandum Ruling (Record Document 38), Dr. Webb's vehicle was stopped as part of the April 25, 2008 "sign detail" operation.  Agent Garcia was a passenger in Corporal Pharris' vehicle and was present for the traffic stop.  <u>See id.</u> According to Agent Garcia, she exited the vehicle and stood off to the side of the roadway while Corporal Pharris was talking to Dr. Webb.  <u>See id.</u>  Agent Garcia observed a verbal exchange between Dr. Webb and Corporal Pharris and stated that she could hear them speaking.  <u>See id.</u>  However, she was "not sure of everything that was said because . . . [she] wasn't standing right on them."  <u>Id.</u> at 2 and 8, citing Exhibit B at 40.  Agent Garcia alleges that after observing the verbal exchange, she searched the interior of Dr. Webb's vehicle, at the direction of Corporal Pharris and upon belief that consent had been obtained.  <u>See id.</u>

## LAW AND ANALYSIS

### I.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, — F.3d —, No. 09-20188, 2010 WL 5188825, at *2 (5th Cir. Dec. 23, 2010).  "Rule

---

[1]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## II.    Fourth Amendment Claim and Qualified Immunity.

In the previous Memorandum Ruling (Record Document 38) referred to earlier, the undersigned upheld the constitutionality of the "sign detail" operation at issue in this case; held that the decision to stop Dr. Webb's vehicle was justified in its inception and was constitutional under the Fourth Amendment; and held that the "prolonged" detention of Dr. Webb and the search of her vehicle were reasonable and that the officers involved were entitled to qualified immunity as to these claims.  The Court dismissed all of Dr. Webb's claims against Sheriff Arbuckle, Corporal Pharris, and Sergeant White.

The claims against Agent Garcia relate to the search of Dr. Webb's vehicle.  See Record Document 1, ¶¶ 26, 28.  Dr. Webb contends that the search of her vehicle violated her rights under the Fourth Amendment:

> The defendants' search of Dr.  Webb's vehicle and her personal bag and medical bag without individualized suspicion of any wrongdoing and without Dr. Webb's consent constitutes an unreasonable search.

Record Document 33 at 6.  Agent Garcia argues she is entitled to qualified immunity:

> Garcia contends that even if this Court finds her search of plaintiff's vehicle was unlawful, a reasonable police office could have believed the search to be lawful, thus she is entitled to qualified immunity because she reasonably relief and acted upon . . . [Corporal] Pharris' direction.

Record Document 23-2 at 7.  Specifically, Agent Garcia argues that the collective knowledge doctrine is applicable.  See id. at 8.

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  "Once raised, a plaintiff has the burden to rebut the qualified immunity defense. . . . We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs."  Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 380 (5th Cir.2005).  The qualified immunity inquiry consists of two prongs: "(1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct."  Ontiveros, 564 F.3d at 382.  After Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009)(overruling, in part, Saucier v. Katz, 533 U.S. 194, 121 S .Ct. 2151 (2001)), the court may conduct the two-part test in any sequence.  See id.

Here, there is no dispute that the Fourth Amendment right to be free from unreasonable searches was clearly established at the time of Agent Garcia's alleged wrongdoing.  See Banuelos-Romero, 597 F.3d at 766.  Thus, under the qualified immunity analysis, the question before the Court is whether, considering the facts in the light most

favorable to Dr. Webb, she has demonstrated facts sufficient to establish a violation of this Fourth Amendment right.

"Probable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the [search], when there is some degree of communication between the two." U.S. v. Kye Soo Lee, 962 F.2d 430, 435 (5th Cir.1992); see also U.S. v. Nieto, 510 F.2d 1118, 1120 (5th Cir.1975); U.S. v. Ibarra, 493 F.3d 526, 531 (5th Cir.2007).[2]  "[P]robable cause is the sum total of layers of information and the synthesis of what police have heard, what they know, and what they observed as trained officers." U.S. v. Shaw, 701 F.2d 367, 376 (5th Cir.1983).  Probable cause is not to be determined by weighing "[e]ach individual layer of information" but by considering "the laminated total of the facts available." Id.

Here, the Court finds that Dr. Webb has failed to raise a genuine dispute of material fact that Agent Garcia's actions were objectively unreasonable.  Under the "collective knowledge" doctrine, Agent Garcia was constitutionally permitted to rely on the knowledge of Corporal Pharris to justify the search of Dr. Webb's vehicle. See Alfred v. Collins, No. 03-2904, 2006 WL 492355, *12 (S.D. Tex. Feb. 28, 2006).  This Court has already determined that Corporal Pharris was objectively reasonable in his belief that he had probable cause to search Dr. Webb's vehicle. See Record Document 38.  Agent Garcia's

---

[2]The Fifth Circuit has applied the collective knowledge doctrine to two types of cases: "(1) those where the . . . officer has no personal knowledge of any of the facts establishing probable cause, but simply carries out directions . . . given by another officer who does have probable cause . . . ; and (2) those where the . . . officer has personal knowledge of facts which standing alone do not establish probable cause but, when added to information known by other officers involved in the investigation, tips the balance . . . ." U.S. v. Webster, 750 F.2d 307, 323 (5th Cir.1984).

search based on Corporal Pharris' information and directive is, therefore, likewise objectively reasonable under the qualified immunity analysis.  Corporal Pharris' objectively reasonable and good faith beliefs are essentially imputed to Agent Garcia under the collective knowledge doctrine.

Summary judgment in favor of Agent Garcia is **GRANTED** and Dr. Webb's claims against her are **DISMISSED**.[3]

## CONCLUSION

Based on the foregoing, the Court finds that Agent Garcia is entitled to qualified immunity as to Dr. Webb's unreasonable search claim.  Accordingly, the Motion for Partial Summary Judgment (Record Document 23) be and is hereby **GRANTED**.  All of Dr. Webb's claims against Agent Garcia are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]Dr. Webb also alleges "that the actions of defendants . . . constitute fault pursuant to Louisiana Civil Code Article 2315."  Record Document 1 at ¶ 56.  As noted in the previous Memorandum Ruling (Record Document 38), the Court declines to exercise its supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Certain Underwriters at Lloyd's, London v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir.2006) (holding that "it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case").  Therefore, all state law claims are dismissed without prejudice.